# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Jody A. E.,                                                Civ. No. 16-969 (MJD/BRT)

          Plaintiff,

v.
                                **ORDER**

Andrew Saul,
Commissioner of
Social Security,

          Defendant.

This matter is before the court on Plaintiff's counsel's Motion for Attorney's Fees Under 42 U.S.C. § 406(b). (Doc. No. 35.) Plaintiff's counsel, Greeman Toomey PLLC, requests attorney's fees in the amount of $29,388.25, with the provision that $3,173.95 in Equal Access to Justice Act ("EAJA") fees that were previously awarded be refunded by counsel to Plaintiff. (Mot. for Att'y's Fees ¶¶ 1, 5.)

    **I.**    **Background**

Plaintiff brought this matter before the Court following the Commissioner's final decision denying disability, arguing that the Commissioner's decision failed to assign appropriate weight to the opinions provided by Plaintiff's treating physician, ignored much of a consultative examiner's opinion, and was not based on substantial evidence in the record. (Doc. No. 11, Pl.'s Mem. in Supp. of Mot. for Summ. J. 10–15.) Following a de novo review, this Court issued a Report and Recommendation ("R&R") (Doc. No. 14) finding that the ALJ's consideration of the consultative examiner's opinion was flawed

and recommending the matter be remanded pursuant to 42 U.S.C. § 405(g). The District Court adopted that R&R in its entirety. (Doc. No. 18, 6/26/2017 Ord.)

The Social Security Administration subsequently issued two Notices of Award stating that Plaintiff and her daughter had been eligible for Social Security Disability benefits from December 2012 onward. (Doc. No. 37, Exs. Supp. Mot. for Att'y's Fees, Exs. B, C.) Social Security withheld one-quarter of those past due benefits ($29,388.25) for potential payment of attorney's fees. (*Id.*) Plaintiff will receive ongoing benefits in the amount of $1,057.00 per month, and her daughter will receive ongoing benefits of $612.00 per month. (*Id.*)

In the event a civil action was filed in Federal District Court, the fee agreement between Plaintiff and counsel gave the latter the "right to file a FEE PETITION seeking a fee greater than $6,000.00 but not more than twenty-five percent (25%) of the total past due benefits pursuant to 42 U.S.C. Section 406(b)." (Exs. Supp. Mot. for Att'y's Fees, Ex. D.) The Court has approved, and the Defendant has already paid, fees in this case under the EAJA in the amount of $3,173.95. (Doc. No. 27, 7/20/2017 Ord.) Plaintiff's counsel has now filed a motion seeking to collect attorney's fees and costs under 42 U.S.C. § 406(b). (Doc. No. 35, Mot. for Att'y's Fees.)

**II. Analysis**

Section 406(b) requires judicial review of contingent fee arrangements in Social Security representations "as an independent check, to assure they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (1992). Agreements are unenforceable when they provide for fees in excess of twenty-five percent of the past-due

benefits, but "[w]ithin the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.* (citing 42 U.S.C. § 406(b)). A reduced fee may be appropriate where the legal representation was substandard, counsel was responsible for delay that increased the fund from which the fee was payable, or if benefits were large in comparison to the amount of time counsel spent on the case. *Gisbrecht*, 535 U.S. at 808.

Plaintiff's counsel states that "while the payment of $29,388.25 for work before the Court and the Agency may seem excessive, the contingent nature of the litigation, as well as the complexity, the length of the litigation, and the quality of representation should be considered." (Doc. No. 36, Pl.'s Mem. in Supp. 3.) Plaintiff's counsel indicates that it has represented Plaintiff since 2012, and "[d]uring that time, [counsel] has . . . prepared for two administrative hearings and filed one Federal District Court action." (*Id.*) Counsel also submits that he has zealously represented Plaintiff throughout this entire process and has not been responsible for any delay that increased the fund from which the fee was payable. (*See id.* at 5–6.)

Defendants argue that Plaintiff's fee petition is unreasonable, excessive, and would result in a windfall to Plaintiff's counsel were it to be approved. (Doc. No. 39, Def.'s Resp. in Opp'n 3–4.) In the Motion for Attorney's Fees under the EAJA, Plaintiff's counsel reported that its attorneys worked for 23.9 hours on the federal court action. (Doc. No. 21, Mem in Supp. of Pl's Mot. for Att'y's Fees 4.) Thus, if the $29,388.25 now requested is divided by 23.9 hours, Plaintiff counsel's hourly rate would

be $1,229.63. Defendants assert that such an hourly rate is excessive and therefore should be reduced to a reasonable amount. (*See* Def.'s Resp. in Opp'n 4.)

While an hourly rate of $1,229.63 appears excessive on its face, a $29,388.25 contingency fee from a $117,553.00 disability award is not necessarily unreasonable for Social Security cases. *See, e.g.*, *Massie v. Colvin*, No. CV 14-2888 (SRN/FLN), 2016 WL 4926443, at *1–3 (D. Minn. Aug. 31, 2016), *report and recommendation adopted*, No. 14-CV-2888 (SRN/FLN), 2016 WL 4925782 (D. Minn. Sept. 15, 2016) (approving attorney's fees in the amount of $37,095.50); *Smith v. Astrue*, No. CIV. 06-2091 ADM/AJB, 2008 WL 2609443, at *2–4 (D. Minn. June 24, 2008) (declining to find an effective hourly rate of $1,141.91 excessive, and approving attorney's fees in the amount of $30,066.50). The U.S. Supreme Court accepted the twenty-five percent contingent fee as an appropriate starting point for determining the reasonable fees due to a claimant's attorney given that contingency fee agreements "are the most common fee arrangement between attorneys and social security claimants." *Gisbrecht*, 535 U.S. at 800. Moreover, Plaintiff herself has submitted a signed stipulation stating that she is "in agreement with [her] attorneys receiving fees under § 406(b) for the agreed upon amount of my total back pay calculated to be $29,388.25." (*See* Doc. No. 44, Stipulation.)

In sum, in light of the contingent nature of Social Security litigation, and the work performed and results achieved in this particular case, the overall contribution of Plaintiff's counsel warrants an award of attorney's fees in the amount of $29,388.25. Thus, the Court finds that an award of attorney's fees in the amount of $29,388.25 is not unreasonable in this case.

# ORDER

Based on the foregoing, and all the files, records, and submissions herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion for Attorney Fees Under 42 U.S.C. § 406(b) (Doc. No. 35) is **GRANTED**;

2. Plaintiff's counsel is awarded an attorney's fee in the amount of $29,388.25; and

3. As required by *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002), Plaintiff's counsel must refund to Plaintiff the amount of $3,173.95, which represents the EAJA fees previously awarded.

Date: October 7, 2019

*s/ Becky R. Thorson*
BECKY R. THORSON
United States Magistrate Judge